UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P182-H

JA-RON TEAGUE                                                                                            PLAINTIFF

v.

DOCTOR LIGHT *et al.*                                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff initiated this action against Drs. Michael J. Light and Jeffrey L. Zellers by filing a one-page, hand-written document with the Court. In the document, Plaintiff complained that he was not receiving certain mental-health medication properly while in the Louisville Metro Department of Corrections. Plaintiff stated in the document that he told an unnamed jail official that he was not getting his medicine and that the official told him that "their files" indicated otherwise. Plaintiff's document was captioned "denial of mental and medical medication by Dr. Light and Dr. Zellers." The two doctors were not mentioned anywhere in the document other than the caption.

In an effort to parse out Plaintiff's claims, he was ordered by the Court to re-file his complaint on the Court-approved form. In response, Plaintiff filled out the form listing Defendants as parties. In the statement-of-claim section of the complaint, however, Plaintiff did not describe Defendants' actions. The Court provided Plaintiff with numerous, additional opportunities to further delineate his claims against Drs. Light and Zellers. Plaintiff has been unwilling to cooperate.[1] The Court has repeatedly warned Plaintiff that it would screen his

---

[1] Instead of focusing on his claim against Drs. Light and Zellers, Plaintiff has repeatedly attempted to stretch this action beyond the limits of absurdity to include claims spanning several decades and different institutions in an effort to avoid the three-strike limitations.

original complaint as filed if he failed to comply with the Court's directives. As Plaintiff has failed to comply to date, the Court will now conduct its initial review on the complaint as originally filed. And, for the reasons set forth below, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

## I.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## II.

The Court construes Plaintiff's document as attempting to assert a 42 U.S.C. § 1983 complaint against Drs. Zellers and Light in their individual capacities for violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment. To state a claim for relief under § 1983, the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). Supervisory responsibility alone fails to state a claim of relief under § 1983. *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

The complaint contains no allegations of fact that specifically address Defendant Drs. Light and Zellers. The complaint simply lists them as defendants in the caption. Absent allegations of their personal involvement in the incident about which Plaintiff complains, the complaint fails to state an individual-capacity claim against them. As such, this action will be dismissed for failure to state a claim.

Date:

cc: Plaintiff Teague, *pro se*
4412.008